IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| DEBRA PARR, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:17-cv-794 |
| KOHL'S DEPARTMENT STORES, INC. | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, DEBRA PARR ("Plaintiff"), through AGRUSS LAW FIRM, LLC, alleges the following against Defendant, KOHL'S DEPARTMENT STORES, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Wisconsin Consumer Act, WIS. STAT. § 427.101, *et seq.* ("WCA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. §1692k

4. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

1

## PARTIES

6. Plaintiff is a natural person residing in Milwaukee, Milwaukee County, Wisconsin.

7. Plaintiff is a customer as that term is defined by the WCA.

8. Plaintiff allegedly owes a debt as that term is defined by the WCA.

9. Defendant is a merchant and a debt collector as that term is defined by the WCA.

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a department store chain headquartered in Menomonee Falls, Waukesha County, Wisconsin.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to Defendant.

14. During the course of its attempts to collect debts allegedly owed to Defendant, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone number ending in 4484 to collect on Plaintiff's alleged debt using an automatic telephone dialing system ("ATDS").

17. All of the telephone calls Defendant made to Plaintiff were an attempt to collect on Plaintiff's alleged debt.

18. None of the calls Defendant made to Plaintiff were for an emergency purpose.

19. On or about March 2, 2017, Plaintiff faxed to Defendant a letter requesting Defendant stop calling Plaintiff's cellular telephone. *See* Plaintiff's cease and desist request attached as Exhibit A

20. On or about March 2, 2017, after the letter was faxed, Plaintiff received a fax delivery confirmation. *See* fax delivery confirmation attached as Exhibit B.

21. According to the fax delivery confirmation, Defendant received Plaintiff's cease and desist request on March 2, 2017. *See* Exhibit B.

22. Despite receiving the letter from Plaintiff, Defendant continued to call Plaintiff's cellular telephone using an ATDS.

23. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

24. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

25. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked this consent.

26. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

27. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

28. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

29. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the

3

capacity to call stored telephone numbers automatically.

30. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

31. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

32. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

33. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

34. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

35. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

36. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

37. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

    a. Invading Plaintiff's privacy;

    b. Electronically intruding upon Plaintiff's seclusion;

    c. Intrusion into Plaintiff's use and enjoyment of her cellular telephone;

    d. Impermissibly occupying minutes, data, availability to answer another call, and

4

various other intangible rights that Plaintiff has as to complete ownership and use of her cellular telephone;

e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## COUNT I
## DEFENDANT VIOLATED THE WISCONSIN CONSUMER ACT

38. Defendant violated the WCA based on the following:

   a. Defendant violated §427.104(g) of the WCA by communicating with the customer or person related to the customer with such frequency as can reasonably be expected to harass the customer, when Defendant continued to call Plaintiff after Defendant received Plaintiff's cease and desist request.

WHEREFORE, Plaintiff, DEBRA PARR, respectfully requests judgment be entered against Defendant, KOHL'S DEPARTMENT STORES, INC., for the following:

39. Actual damages pursuant to the Wisconsin Consumer Act, WIS. STAT. § 425.3105

40. Statutory damages of not less than $100.00, nor greater than $1,000.00 pursuant to the Wisconsin Consumer Act, WIS. STAT. § 425.304

41. Any other relief that this Honorable Court deems appropriate.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

42. Plaintiff repeats and re-alleges paragraphs 1-37 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

43. Defendant's conduct violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in

5

violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, DEBRA PARR, respectfully requests judgment be entered against Defendant, KOHL'S DEPARTMENT STORES, INC., for the following:

44. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

45. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

46. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

47. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: June 5, 2017        By: /s/ Pooja Dosi
                                            Pooja Dosi
                                            SBN: 6312694
                                            Agruss Law Firm, LLC
                                            4809 N. Ravenswood Ave.
                                            Suite 419
                                            Chicago, IL 60640
                                            Tel: 312-224-4695
                                            Fax: 312-253-4451
                                            pooja@agrusslawfirm.com
                                            *Attorneys for Plaintiff*

# EXHIBIT A

# EXHIBIT B